# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7865 | **DATE** | 7/15/2011 |
| **CASE TITLE** | Helen Crawley vs. ED Morse Cadillac | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, defendant Morse Operations, Inc.'s ("Morse Operations") "Motion to Dismiss for Lack of Personal Jurisdiction and Venue, and Motion to Quash Service of Process" [15] is granted in part and denied in part. Because the court finds that Morse Operations is not subject to personal jurisdiction in Illinois, Morse Operations's motion to dismiss for lack of personal jurisdiction is granted and Morse Operations's motions to dismiss for improper venue and to quash service of process are denied as moot. Morse Operations's second "Motion to Quash Service of Process" [29] and plaintiff Helen Crawley's "Motion Redoing to Jurisdiction and Venue" [26] are also denied as moot.

■[ For further details see text below.]     Notices mailed.

# STATEMENT

    On December 10, 2010, plaintiff Helen Crawley ("Crawley"), *pro se*, filed a complaint against defendant Morse Operations, Inc. ("Morse Operations"), improperly sued as ED Morse Cadillac (*see* Dkt. No. 15 ("Morse Operation's Mot.") at 1), based at least in part on the damage done to her vehicle while it was being repaired. This court has subject matter jurisdiction pursuant to 32 U.S.C. § 1332 based on diversity of citizenship. On April 12, 2011, Morse Operations filed its "Motion to Dismiss for Lack of Personal Jurisdiction and Venue, and Motion to Quash Service of Process" (Dkt. No. 15). While this motion was pending, Crawley served a subpoena on Dennis MacInnes, an officer of Morse Operations (*see* Dkt. No. 29 at Ex. A), and Morse Operations has moved to quash this subpoena (Dkt. No. 29). Crawley also filed a "Motion Redoing to Jurisdiction and Venue" (Dkt. No. 26), which mirrors the arguments she makes in her "Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Venue" (Dkt. No. 27 ("Crawley's Resp.").)

    In its motion, Morse Operations argues that it is not subject to personal jurisdiction in Illinois, that venue is improper, and that Crawley failed to effectuate service under Federal Rule of Civil Procedure 4(h). For the reasons explained below, the court agrees with Morse Operations that Morse Operations is not subject to personal jurisdiction in Illinois.

    A plaintiff bears the burden of proving that the court has personal jurisdiction over the defendant. *Cent. States, S.E. & S.W. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875 (7th Cir. 2006). In ruling on a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the court can consider affidavits and other written materials submitted by the parties and "must . .

---

[1] Although Crawley named "Ed Morse Cadillac" as the defendant, the correct defendant apparently is Morse

| STATEMENT |
|---|

Operations.

. resolve all factual disputes in the plaintiff's favor." *GMAC Real Estate, L.L.C. v. Canyonside Realty, Inc.*, 2005 WL 1463498, at *2 (N.D. Ill. June 15, 2005) (citing *Softee Mfg., L.L.C. v. Mazner*, No. 03 C 3367, 2003 WL 23521295, at *2 (N.D. Ill. Dec. 18, 2003)).

"A federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction." *Michael J. Neuman & Assocs. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction "on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Because the Seventh Circuit has "yet to find any 'operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction,'" *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002)), the court "may collapse the personal jurisdiction analysis under Illinois law into the constitutional inquiry," *id.*

To exercise personal jurisdiction consistent with the federal due process clause, "the defendant must have minimum contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Hyatt Int'l*, 302 F.3d at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]he defendant must have 'purposefully established minimum contacts within the forum State' before personal jurisdiction will be found to be reasonable and fair." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). The minimum contacts must demonstrate that the "defendant purposefully avails itself of the privilege of conducting activities within the forum State," *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), such that it "should reasonably anticipate being haled into court" in the forum State, *id.* at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Personal jurisdiction over a defendant is based on either (1) general jurisdiction or (2) specific jurisdiction. *Cent. States*, 440 F.3d at 875. In this case, Crawley does not expressly state whether she is relying on general or specific jurisdiction. Because the complaint does not allege any facts connecting the underlying action to Illinois and Crawley's response to Morse Operations's motion relies on Morse Operations's internet website, www.edmorsesawgrass.com, to argue that Illinois has personal jurisdiction over Morse Operations (Crawley's Resp. 1), the court assumes that Crawley is relying on general, rather than specific, jurisdiction. "General jurisdiction . . . is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

When a website is the purported basis for general jurisdiction over the defendant, the Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 L.L.C. v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (quoting *Illinois v. Hemi Group, L.L.C.*, 622 F.3d 754, 760 (7th Cir. 2010)). Simply "operating an interactive website that is accessible from the forum state" does not establish jurisdiction. *Id.* at 558-59. Instead, "a defendant must in some way *target* the forum state's market." *Id.* at 559. In other words, "[i]f the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id.*

## STATEMENT

    Here, Crawley relies solely on the Morse Operations website to establish personal jurisdiction over Morse Operations, but she does not address how that website targets Illinois. (*See* Crawley's Resp. 1.) Moreover, based on the court's review of the cited website, the site appears to be targeting Florida, rather than Illinois, markets. Because the record before the court does not demonstrate that Morse Operations's website targets Illinois, the court finds that the website is insufficient to establish personal jurisdiction over Morse Operations in Illinois. Morse Operations's motion to dismiss for lack of personal jurisdiction (Dkt. No. 15), accordingly is granted, and Morse Operation's motions to dismiss for improper venue and to quash service of process are denied as moot. Morse Operations's second "Motion to Quash Service of Process" (Dkt No. 29) and plaintiff Helen Crawley's "Motion Redoing to Jurisdiction and Venue" (Dkt. No. 26) are also denied as moot.

*James F. Holderman*